IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEVANTAE A. MOORE, #211724                                                           PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 2:18-cv-189-KS-MTP

ROBERT MORRIS, Investigator for
Jasper County Sheriff's Department                                          DEFENDANT

<u>ORDER CORRECTING CLERICAL MISTAKE IN MEMORANDUM OPINION AND
ORDER [14] PURSUANT TO FED. R. CIV. P. 60(a),
CONSTRUING PLAINTIFF'S RESPONSE [16] AS A MOTION TO ALTER OR AMEND
JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e),
AND DENYING PLAINTIFF'S MOTION [16] TO ALTER OR AMEND</u>

This matter is before the Court on Plaintiff's pleading filed July 30, 2019, as a Response [16] in Opposition to the Memorandum Opinion and Order [14] and Final Judgment [15] filed on July 15, 2019. The Court entered a Memorandum Opinion and Order [14] and Final Judgment [15] on July 15, 2019, dismissing Plaintiff's habeas claims without prejudice and dismissing his § 1983 claims with prejudice as legally frivolous and for failure to state a claim. Plaintiff is requesting in the instant Response [16] that the Court reconsider the dismissal of this civil action and reinstate this civil action. Pl.'s Mot. [16] at 2.

Because Plaintiff's Response [16] is requesting that the dismissal of this lawsuit be altered or amended and it was filed within 28 days of the entry of the Final Judgment [15], the Court will liberally construe the Response [16] as a Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. S*ee Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"); *see also Hernandez v. Thaler*, 630 F.3d 420, 427 n.27 (5th Cir. 2011) (noting that Court must consider the "substance of the relief, not a label" to determine the "true nature"

of the pleading).   After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that Plaintiff's Motion [16] is denied.

To obtain relief under Rule 59(e), the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir.2003) (citation and quotation marks omitted); *see also Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.") (citation and quotation marks omitted).

Plaintiff expresses general disagreement with the ruling of the Court.   Having considered Plaintiff's arguments in his Motion [16] and the relevant case law, the Court finds that Plaintiff does not establish any grounds for reconsideration and the Court's decision in the Memorandum Opinion and Order [14] and Final Judgment [15] entered on July 15, 2019, was the correct legal finding.   Plaintiff's Motion [16] to alter or amend the Memorandum Opinion and Order [14] and Final Judgment [15] is denied.

Plaintiff's Motion [16] also states that the Opinion [14] refers to a person, "Robert White," that Plaintiff has "never hear[d] of."   Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake . . . whenever one is found in a[n] . . . order."   The Memorandum Opinion and Order [14] contains a clerical mistake on page one when it refers to "Robert White" instead of Defendant Robert Morris.   Because this clerical mistake is "in the nature of recitation of amanuensis mistakes that a clerk might make," *see*

*Jones v. Anderson-Tully Co*., 722 F.2d 211, 212 (5th Cir. 1984), and it does not impact the substantive ruling in the Opinion, the reference to "Robert White" in the Opinion [14] is hereby corrected to refer to Defendant Robert Morris. *See* FED. R. CIV. P. 60(a).

For the reasons set forth above, Plaintiff's request for reconsideration of the Memorandum Opinion and Order [14] and Final Judgment is denied. The clerical error in the Memorandum Opinion and Order [14] referring to "Robert White" is hereby corrected to refer to Defendant Robert Morris. Accordingly, it is,

ORDERED AND ADJUDGED that Plaintiff's Response [16] is construed as a Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure 59(e).

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion [16] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the clerical error in the Memorandum Opinion and Order [14] referencing "Robert White" is corrected to be a reference to Defendant Robert Morris.

This the     12th     day of August, 2019.


                                              s/Keith Starrett
                                    UNITED STATES DISTRICT JUDGE